UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RANDY STEWART,

                Plaintiff,

     v.

DRUG ENFORCEMENT ADMINISTRATION,
UNITED STATES OF AMERICA, and
UNKNOWN AGENTS,

                Defendants.

No. 22 CV 4952

Judge Manish S. Shah

**ORDER**

Defendant's motion to dismiss, [27], is granted. The amended complaint is dismissed with prejudice in part, without prejudice in part. Plaintiff has permission to file a third amended complaint, limited to a *Bivens* claim against individual agents under the Fourth Amendment and a motion under Section 983 alleging lack of notice (if a good-faith basis exists for such an allegation). If plaintiff does not file an amended complaint by April 16, 2024, the dismissal will convert to a dismissal with prejudice and the clerk will enter judgment.

**STATEMENT**

In June 2022, Plaintiff Randy Stewart was stopped and seized by officers of the Drug Enforcement Agency. [23] ¶ 1.[1] The officers seized the cash that he was carrying and detained Stewart for one night. [23] ¶¶ 23, 28–29. Stewart alleges that the officers stopped and seized him without a warrant or probable cause that he had committed a crime. [23] ¶ 25. Stewart brings claims for unlawful search and seizure (Counts I and VII), violation of his due process rights (Count II), a taking without due compensation (Count III), denial of his right to trial by jury (Count IV), return of his cash (VI), violation of his right to travel (also labeled Count IV), and for declaratory judgment that the DEA's actions violated the Fourth Amendment (Count V). The United States filed a motion to dismiss, [27].[2]

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of the filings.

[2] I decline to consider materials outside the complaint to decide defendant's motion to dismiss. The parties have not engaged in the customary presentation of facts on a Rule 56

A complaint must contain factual allegations that state the required elements of the plaintiff's claim in a way that "raise[s] a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court takes all well-pleaded factual allegations in the complaint as true and draws reasonable inferences in the plaintiff's favor. *Bronson v. Ann & Robert H. Lurie Child. Hosp.*, 69 F.4th 437, 448 (7th Cir. 2023). The court does not accept conclusory allegations that just re-state the elements of a claim. *Id.* The court then considers those well-pleaded allegations and determines whether the plaintiff's claim is plausible, which requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Count VI of Stewart's complaint—seeking a return of property–is dismissed. When the federal government wants to forfeit property through a civil administrative proceeding it must send a notice to interested parties within 60 days of the date of seizure. 18 U.S.C. § 983(a). A person claiming the seized property may either file a claim or a petition. *See* 18 U.S.C. § 983(a)(2)(A); *Troconis-Escovar v. United States*, 59 F.4th 273, 275 (7th Cir. 2023). If someone files a claim, then the government must file a complaint for forfeiture or return the property pending the filing of a complaint. 18 U.S.C. § 983(a)(3)(A). The complaint for forfeiture initiates a judicial forfeiture proceeding in which the government bears the burden of proving that the property is subject to forfeiture, meaning that the property was involved in or derived from unlawful behavior. *See* 18 U.S.C. § 983(c)(1) (burden of proof on government); 18 U.S.C. § 981(a)(1) (defining what property is subject to forfeiture to the United States). If a person claiming an interest in the property did not receive the proper notice, he may file a motion under § 983(e) to set aside the forfeiture based on a lack of due process. *See* 18 U.S.C. § 983(e)(1).

Filing a motion based on lack of notice under § 983(e)(1) is the only way that an individual can challenge the declaration of civil forfeiture once the administrative forfeiture is complete. *Troconis-Escovar*, 59 F.4th at 276–77; *Wilson v. United States*, 75 F.4th 775, 777 (7th Cir. 2023). Stewart labels the count of his complaint seeking the return of his money as a claim under Fed. R. Crim. Pro. 41(g), but that rule can only be used if the property has not already been administratively forfeited. *Troconis-Escovar*, 59 F. 4th at 275–76. Stewart's complaint does not make it clear whether the administrative proceeding is complete. If it is complete, then Stewart cannot state a claim under Fed. R. Crim. Pro. 41(g). If Stewart can allege in good faith that there

---

motion and while the Seventh Circuit has not settled whether § 983 is jurisdictional, recent case law suggests that the court is inclined to consider it a claims-processing rule. *See Troconis-Escovar*, 59 F.4th 273, 277–78 (7th Cir. 2023). Furthermore, there is federal-question jurisdiction via 28 U.S.C. § 1355. *Id.* at 277 ("[W]e conclude that the district court had subject-matter jurisdiction over Troconis-Escovar's challenge to the declaration of forfeiture under 28 U.S.C. § 1355[.]").

was an issue of notice, he may bring a motion to challenge the notice under § 983(e)(1). Otherwise, Stewart has no recourse to challenge the administrative forfeiture proceeding and request the return of the property.

Stewart alleges that his due process rights were violated, but the way to make that argument is through a section 983(e)(1) motion alleging lack of notice. *See Klimashevsky v. Drug Enf't Admin.*, No. 23-1543, 2024 WL 76363, at *2 (7th Cir. Jan. 8, 2024) ("The notice requirement [in section 983] ensures that, before the government deprives someone of property, the person has a meaningful chance to oppose it."). Count II of Stewart's complaint is dismissed with leave to re-plead if Stewart can make a good-faith allegation that the DEA had reason to know that notice was lacking or ineffective.

The judicial forfeiture case, triggered by filing a claim after receipt of notice, would have been the place for Stewart to make his arguments that the civil forfeiture process violates separation of powers principles, his Seventh Amendment jury rights, or that he is due "just compensation" if the property cannot be returned. *See Bush v. Lucas*, 462 U.S. 367, 373–74 (1983) (federal court's jurisdiction should be "exercised in light of relevant policy determination made by Congress" of whether to provide a statutory remedy); *Massey v. Helman*, 196 F.3d 727, 738 (7th Cir. 1999). The availability of that process–as well as a jury trial within the judicial forfeiture case—render implausible any new, separate claim for constitutional violations in the forfeiture process. Counts III and IV are dismissed with prejudice.

Stewart alleges several Section 1983 claims for violation of constitutional rights against defendants: the United States and a federal agency, the DEA. [23] at 5, 7–9. (Counts I, II, III, IV). A plaintiff may not bring a Section 1983 claim against the federal government. *See* 42 U.S.C. § 1983 (establishing liability for violation of constitutional rights when acting under color of "State or Territory or the District of Columbia" law, but not federal law). Counts I, II, III, IV are dismissed for failure to state a claim because the federal government, or its agents, are not proper defendants under § 1983.

With certain exceptions, an individual may only sue the federal government or a federal agent when authorized by a federal statute. *See Bush*, 462 U.S. at 374 n. 12 (listing "nonstatutory remedies for violations of the Constitution by federal and state officials"). One of those exceptions is a *Bivens* claim, a judicial remedy for violations of Fourth Amendment by federal agents. *See Snowden v. Henning*, 72 F.4th 237, 238–39 (7th Cir. 2023) (describing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)), *petition for cert. filed*, No. 23-976 (docketed Mar. 6, 2024). Stewart alleged that DEA agents stopped and seized him and his cash without probable cause. [23] ¶¶ 23–29. These facts could very well be the basis of a *Bivens* claim, but Stewart must distinguish between what the agents did to *him* and

3

what happened to the cash seized in the encounter.[3] As discussed above, Stewart cannot challenge the seizure of the cash except through the procedures detailed in Section 983. Furthermore, any *Bivens* claim will not be able to proceed until Stewart names and serves the agents involved in the incident, and his claim may run up against the statute of limitations in June 2024.[4] Count VII of Stewart's complaint is dismissed with leave to re-plead; Stewart should include simple factual allegations about his encounter with law enforcement agents.

Stewart also brings a claim under the Administrative Procedure Act seeking review of the civil forfeiture and a declaration that the DEA's civil forfeiture process violates the Fourth Amendment right to be free from unreasonable searches and seizures. [23] ¶¶ 75–84. The Administrative Procedure Act applies to review of agency action, "except to the extent that—(1) statutes preclude judicial review." 5 U.S.C. § 701(a). Section 983(e)(5) is one such statute. It reads, "A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5); *Troconis-Escovar*, 59 F.4th at 276–77. To the extent that Stewart seeks a declaratory judgment about the constitutionality of the DEA's actions, I decline to entertain such an action. *See Northfield Ins. Co. v. City of Waukegan*, 701 F.3d 1124, 1133 (7th Cir. 2012) ("The Declaratory Judgment Act by its own terms grants district courts discretion in determining whether to entertain such an action."). A declaration about the constitutionality of the civil forfeiture process is precluded by the fact that Stewart has not pursued this point in the right place to make such a claim; and if Stewart is able to state a *Bivens* claim, then a determination will be made about the agents' actions against Stewart in June 2022. Count V is dismissed.

Finally, Stewart brings a claim stating that defendants interfered with his right to travel by stopping him while he was traveling. [23] ¶¶ 96–100 (mistakenly labeled Count IV, but it should be Count VI). The government does have a right to stop an individual if it has probable cause to believe that he has committed or is committing a crime. Stewart has not distinguished how this claim is different than

---

[3] Stewart's claim against the DEA agents likely arises out of the same context as the *Bivens* case—actions taken by federal officers to enforce drug laws that are alleged to violate the Fourth Amendment's protection against unreasonable searches and seizures. *See Snowden*, 72 F.4th at 245–47 (finding that claim for excessive force against DEA agent at hotel could proceed as a *Bivens* claim).

[4] There is no *Bivens* liability against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994). Stewart cannot allege a *Bivens* claim against the DEA or the United States; he must name the agents individually responsible for the Fourth Amendment violation.

his Fourth Amendment claim for an unreasonable stop. The right-to-travel count is dismissed.

ENTER:


Date:   March 18, 2024

_____

Manish S. Shah
U.S. District Judge